IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 18, 2013 Session

IN RE JAYLEN J. ET AL.

Appeal from the Criminal Court for Hamblen County
Nos. 12CR259 & 12CR260    John F. Dugger, Jr., Judge

_____

No. E2012-02653-COA-R3-JV-FILED-OCTOBER 31, 2013

_____

This appeal focuses on a public request for juvenile court records. Morristown Certified Properties General Partnership ("Petitioner") was sued in a civil action by the victim of an assault that took place on its property. In preparing for its defense, Petitioner filed a motion in the Juvenile Court for Hamblen County seeking access to the juvenile court records of Jaylen J. and  Adrian H ("the juveniles"), the two individuals who allegedly perpetrated the subject assault. Following a hearing, the juvenile court granted Petitioner access to a portion of the records, but refused to release the remaining records based upon its finding that they were not relevant to the civil suit. On further review, the trial court adopted the juvenile court's ruling and denied further inspection of the records. Petitioner appeals. During the pendency of the appeal, the issue of whether Petitioner is entitled to access the court records has become moot. Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed;
Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

John M. Lawhorn and Matthew A. Grossman, Knoxville, Tennessee, for the appellant, Morristown Certified Properties General Partnership.

James W. Harrison, Morristown, Tennessee, for the appellee, William J., as parent of Jaylen J.

**OPINION**

In April 2010, the victim, William Keasling, was allegedly attacked by the juveniles in the Wal-Mart parking lot located at South Davy Crocket Parkway in Morristown. The parkway property is owned by Petitioner. Keasling and his wife filed a civil action against multiple defendants – including Petitioner and the guardians of the two juveniles – seeking compensatory and punitive damages in connection with the severe, permanent injuries Keasling sustained in the attack. In its answer, Petitioner alleged affirmative defenses, including the comparative fault of the juveniles.

Petitioner filed a motion in the Juvenile Court for Hamblen County seeking permission to inspect and copy the court records pertaining to the juveniles as necessary "to fully defend itself" in the pending civil action. Following a hearing, the juvenile court found Petitioner had a legitimate interest in specific portions of the court records. Generally summarized, Petitioner was granted access to a portion of the records that pre-dated and/or pertained directly to the April 2010 assault. The court denied access to additional records that it concluded should remain confidential, to wit: probation reports – including the juveniles' education records, drug screens and "character" letters, as well as all records pertaining to alleged criminal offenses that occurred after April 2010. This matter was eventually[1] appealed to this Court.

On this appeal, we are asked to address the issue of the appropriate standard governing access to juvenile court records by a litigant, such as Petitioner, in a related civil action. During the pendency of the instant appeal, this Court was made aware that the Keaslings, plaintiffs in the pending civil suit – Keasling , et ux v. Wal-Mart Stores, Inc., et al. – voluntarily nonsuited their complaint against all defendants. The appellee has furnished this Court with a copy of the May 2, 2013, order entered in the Circuit Court for Hamblen County dismissing the civil action, without prejudice.

With the dismissal of the civil action in which Petitioner was a defendant, the basis for the underlying juvenile records request has been removed. This Court has recognized that the "doctrine of justiciability prompts the courts to stay their hand in cases that do not involve

---

[1]Petitioner initially filed a notice of appeal pertaining to the juvenile court's order directly to this Court. In an April 2012 order, we observed that, as an appeal from a final order in a juvenile delinquency proceeding, the cases were properly appealed to the Criminal Court for Hamblen County. We ordered the cases transferred to that court for a de novo review. Petitioner filed renewed motions in the criminal court for full access to the court records. Following a hearing, the criminal court essentially adopted the juvenile court's order and denied Petitioner further inspection of the requested records. Petitioner again filed a timely notice of appeal as to each juvenile. The cases were subsequently consolidated for appeal by order of this Court.

a genuine, existing controversy." ***Rodgers v. Rodgers***, M2004-02046-COA-R3-CV, 2006 WL 1358394 at *4 (Tenn. Ct. App., M.S., filed May 17, 2006).  We have further observed:

> To retain its character as a justiciable controversy which may be adjudicated by the court, the controversy must remain alive throughout the litigation process, including the appeal process. Subject to only limited exceptional conditions, the appellate courts decline to address appeals that do not involve a genuine and live controversy requiring the "present adjudication . . . involving present rights."  This Court will not render advisory opinions or "decide abstract legal questions."  Rather, a lawsuit that no longer requires the adjudication of the parties' rights is no longer justiciable and will be dismissed as moot. Our primary consideration when deciding if a lawsuit has become moot "is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." Therefore, we will consider a case to be moot "if it no longer serves as a means to provide relief to the prevailing party." Whether a claim has become moot is a question of law to be decided by the court.

***In re Adoption of N.A.H.***, W2009-01196-COA-R3-CV, 2010 WL 457506 at *3 (Tenn. Ct. App., W.S., filed Feb. 11, 2010) (internal citations omitted).

In summary, "[i]t is not the prerogative of an appellate court to render advisory opinions," ***State ex rel. DeSelm v. Owings***, 310 S.W.3d 353, 359 (Tenn. Ct. App. 2009), nor will we decide "theoretical issues based on contingencies that may or may not arise." ***Tennessee Cable Television Ass'n v. Tennessee Public Service Com.***, 844 S.W.2d 151, 167 (Tenn. Ct. App. 1992). The present, ongoing controversy existing in the present case was extinguished by the dismissal of the civil action upon which Petitioner's request for access to the court records was based.

Accordingly, this appeal is dismissed as moot.  Costs on appeal are assessed against the appellant Morristown Certified Properties General Partnership.  Case remanded to the trial court for collection of costs assessed there.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE